# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| In re: John C. Demopoulos,<br>             Debtor. | Bankruptcy No. 07 B 71355<br>Adversary No. 07 A 96062 |
| Cathy Taylor,<br>             Plaintiff,<br>v.<br>John C. Demopoulos,<br>             Defendant. | Chapter 7<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for partial relief from judgment filed by defendant debtor John C. Demopoulos ("Debtor"), pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure incorporating Rule 60(b)(1) of the Federal Rules of Civil Procedure, on March 23, 2009. For the reasons set forth herein, the Court grants Debtor's motion for partial relief from judgment.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

## FACTS AND BACKGROUND

The Court's previous memorandum opinion, Taylor v. Demopoulos (In re Demopoulus), No. 07-B-71355, slip op. at 1-7, 10, 12, 14-22 (Bankr. N.D. Ill. Sept. 23, 2008), recites this adversary's facts and procedural history.

Subsequently, in an order and hearing dated January 7, 2009, the Court held a status hearing on the matter, continued the status hearing to February 11, 2009, and granted a 21 day

Case 07-96062    Doc 46    Filed 05/06/09    Entered 05/06/09 14:01:43    Desc Main
                              Document         Page 2 of 7

extension until January 28, 2009 for the Plaintiff Cathy Taylor ("Creditor") to file an amended adversary complaint. The Creditor did not file an amended adversary complaint by January 28, 2009. In a hearing dated February 11, 2009, the Court orally granted the Creditor a second extension to file an amended adversary complaint until February 18, 2009 and orally indicated to the parties that the Debtor may file a motion for relief from judgment as to the second loan document by March 4, 2009, the Creditor may then file a response by March 25, 2009, Debtor may file a reply by April 8, 2009, and the Court will set a status hearing with a possible ruling for April 15, 2009. The Creditor did not file an amended adversary complaint by February 18, 2009. In the interim and prior to Debtor filing his motion for relief from judgment as to the second loan document, the Court set the matter for further status on March 4, 2009. The Creditor failed to appear on March 4, 2009 and the Court entered an order on March 6, 2009 to dismiss the adversary complaint for want of prosecution. On March 10, 2009, the Creditor filed a motion for relief from the Court's March 6, 2009 judgment that dismissed the adversary for want of prosecution. In an order dated March 18, 2009, the Court vacated the March 6, 2009 order that dismissed the adversary proceeding and set a status hearing on April 15, 2009. In a scheduling order dated March 20, 2009, the Court granted leave for Debtor to file his motion for relief by March 18, 2009, the Creditor's response by March 25, 2009, Debtor's reply by April 8, 2009, and a hearing and brief argument on April 15, 2009.

On March 23, 2009, Debtor filed his motion for relief from judgment as to the second loan document based on excusable neglect or inadvertence, pursuant to Fed. R. Civ. P. 60(b)(1). The Creditor filed her response on March 25, 2009.

## DISCUSSION

Rule 60(b)(1) of the Federal Rules of Civil Procedure is made applicable to bankruptcy proceedings through Rule 9024 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P.

9024. Rule 60(b)(1) provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). In Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Court held that "excusable neglect" covers negligence on the part of counsel. Ibid. The Court adopted a "flexible understanding" of excusable neglect, id. at 389, that encompasses "all relevant circumstances surrounding the party's omission," United States v. Brown, 133 F.3d 993, 996 (7th Cir. 1998) (quoting Pioneer, 507 U.S. at 395). Thus, the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395. A motion under Rule 60(b) must be made within a reasonable time, and, for Rule 60(b)(1), it must be made no more than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

As previously determined in Judge Altenberger's September 23, 2008 memorandum opinion, Debtor's motion to dismiss was granted as to Counts I, II and III to the extent that such Counts alleged fraud or defalcation by a fiduciary under 11 U.S.C. § 523(a)(4). In addition, under § 523(a)(2), the Court generally dismissed Counts I, II and III, but it left pending the alleged false representations set forth in item (5) on page 17 of the September 23, 2008 memorandum opinion. Under the Court's September 23, 2008 order, Count IV and allegations of actual fraud under section 523(a)(2)(A) remained pending. Six months later, on March 23, 2009, Debtor filed a motion for partial relief seeking dismissal of the fraudulent misrepresentations in the adversary complaint as to the second loan document (attached as Exhibit F) that the Court identified as alleged false representations set forth in item (5) on page 17 of Judge Altenberger's September 23, 2008 memorandum opinion. The Creditor never filed

an amended adversary complaint.

In Judge Altenberger's September 23, 2008 memorandum opinion set forth in item (5) on page 17, the Court stated with respect to the alleged false representations:

> (5) The Debtor told her there was "an additional paper which [the Creditor] forgot to sign" and led the Creditor to believe this paper was part of the prior $50,000 loan papers on which only Mayflower was obligated and did not inform her that this document was an additional loan to the previous $50,000 term loan or that if this loan was not repaid, the Creditor would lose her other $50,000 certificate of deposit.

In this second loan document, the Court found:

> With respect to the alleged false representations set forth in item (5) on page 17 of this Opinion, the issue is less clear: The Creditor alleges there was a second loan to Mayflower that was secured by another $50,000 certificate of deposit owned by the Creditor. None of the documents presented by the Debtor in his motion to dismiss relate to this second pledge of collateral by the Creditor, and therefore the Court cannot conclude that there is no set of facts by which the Creditor could prove she justifiably relied on the Debtor's representations set forth in (5) above. Accordingly, the Debtor's motion to dismiss is denied to the extent that it seeks to dismiss the Creditor's nondischargeability claims based on the false representations of the Debtor set forth in (5) above.

The Creditor did not attach either the first or second loan documents with her adversary complaint. Instead, Debtor electronically filed a motion to dismiss with five exhibits (A-E), which included only the first loan document (Exhibit B – Installment Note). Exhibit F, the second loan document, was inadvertently omitted from the electronic filing of Debtor's motion to dismiss, but it was allegedly forwarded to the Creditor's counsel in the hard copy version. On September 23, 2008, the Court left the allegations relating to this second loan document as pending. Now, six months later, in Debtor's March 23, 2009 motion for partial relief from judgment, Debtor seeks adjudication on the allegations relating to the second loan document which were re-attached as Exhibit F.

Before the Court may consider whether to partially relieve Debtor from the Court's September 23, 2008 memorandum opinion and order, the Court, pursuant to <u>Fed. R. Civ. P.</u>

60(b)(1), shall use a "flexible understanding," Brown, supra, 133 F.3d at 996, to find a basis of mistake, inadvertence, surprise, or excusable neglect under the equitable determination of the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395. As to the danger of prejudice to the Creditor, Judge Altenberger stated in page twelve of his opinion, "these [loan] documents are central to [the Creditor's] claims because they establish the amount of the loans and thereby the amount of the claim that the Creditor has against the Debtor." The Creditor has had ample opportunity to amend her complaint in the intervening six months, yet has failed to do so. There has been no argument that the second loan document is not a proper document. In addition, it has not been argued as a last minute discovery. Moreover, there is no dispute that the Creditor signed the second loan document.

The Creditor's only remaining contention is that the second loan document conflicts with alleged oral representations made by Debtor and Creditor "justifiably relied" upon these oral representations. The second loan document is necessary to this determination. Debtor inadvertently omitted it from the electronic filing of his motion to dismiss, but he forwarded the second loan document, as Exhibit F, to the Creditor's counsel. Debtor delayed six months before filing this motion for relief from judgment, but this did not preclude the Creditor from moving forward with her adversary complaint. Moreover, Debtor filed his motion for relief within a reasonable time, particularly since it was made less than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Debtor, however, gave no reason for its delay. The Court finds that Debtor acted in good faith and merely inadvertently omitted the second loan document from the electronic filing of Debtor's motion to dismiss, especially since he forwarded a hard copy of the second loan to the Creditor's counsel when he sent the Creditor's counsel his initial

motion to dismiss.

Thus, consistent with Judge Altenberger's previous ruling on the loan documents, a party may not close their eyes to the clear language in a contract and then claim that they justifiably relied on oral representations contrary to such language. Taylor v. Demopoulos (In re Demopoulus), No. 07-B-71355, slip op. at 15 (Bankr. N.D. Ill. Sept. 23, 2008); see also Hall v. Burger King Corp., 912 F. Supp. 1509, 1525 (S.D. Fla. 1995) (reliance unjustifiable as a matter of law where plaintiff failed to read the contract); In re Schaffer, 206 B.R. 95, 98 (Bankr. M.D. Pa. 1997) (debt dischargeable because creditors could have discovered debtor's misrepresentations by reading document they signed).

The second loan document contained all of the information that the Creditor alleges the Debtor omitted telling her. Specifically, the second loan document outlining the line of credit agreement explains that the credit limit on the agreement is $50,000, contains a promise to repay all amounts due under the agreement, even if the borrower allows another person to have access to the line of credit, and contains provisions regarding default and right of setoff. Before the signature line, the following acknowledgment appears: "For value received and intending to be legally bound, the undersigned ("Guarantor") jointly and severally guarantees the prompt payment of the indebtedness evidenced by and arising under the above Agreement when each payment becomes due, and approves all the provisions of the above Agreement." The Creditor signed right below this acknowledgment.

Therefore, the Debtor's motion for partial relief from judgment is granted as to Counts I, II and III to the extent that these counts are based on fraud by false pretenses and false representation, including those allegations pertaining to false representation regarding the alleged second loan to Mayflower set forth in item (5) on page 17 of Judge Altenberger's September 23, 2008 opinion, and the Creditor's claims under section 523(a)(2)(A) based upon false pretenses or

false representations are dismissed without prejudice.

The allegations in Count IV and the allegations of actual fraud under section 523(a)(2)(A) remain viable to the extent that Judge Altenberger's opinion did not dispose of them.

## CONCLUSION

For the foregoing reasons, the Court grants Debtor's motion for partial relief from judgment.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: May 6, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge